In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00292-CV

_____

IN RE ANTELOPE ORRI, LLC

══════════════════════════════════════════════

Original Proceeding

══════════════════════════════════════════════

MEMORANDUM OPINION

In this mandamus proceeding, Antelope ORRI, LLC asks this Court to compel the trial court (1) to vacate its June 5, 2013 order granting a motion to compel arbitration filed by Newfield Production Company and Newfield Exploration Company, and (2) to enter an order that denies the motion to compel arbitration and grants Antelope's motion to stay arbitration.

Branta Exploration & Production, LP and Harvest (US) Holdings, Inc. were parties to a Joint Exploration and Development Agreement, or JEDA, that defined an area of mutual interest called the Antelope Prospect and provided for an

1

assignment of an overriding royalty interest to Antelope. Section 14 of the agreement provides for arbitration, as follows in part:

> All disputes arising out of or relating to the following (each a *"Dispute"*), whether in contract, in tort, statutory or otherwise . . . (1) this Agreement or any of the other agreements or instruments delivered pursuant to the terms hereof; (2) the transactions contemplated by this Agreement and the other agreements and instruments contemplated hereby; (3) the validity, legality, interpretation, construction, breach, violation or termination of the contracts and instruments referred to in clause (1) or the transactions referred to in clause (2); or (4) this Section 14.

After executing the JEDA, Branta and Antelope entered into a letter agreement regarding an overriding royalty interest in the Antelope Prospect, and signed another letter agreement that referred to the JEDA. Newfield purchased assets from Branta in 2011. Alleging that Antelope's rights to receive the overriding royalty interest assignments were established by the contracts and implemented through the letter agreements, Antelope's trial court petition seeks a declaratory judgment, accounting, and damages from Newfield.

Antelope contends the trial court abused its discretion by compelling Antelope to arbitrate with Newfield. First, Antelope argues the trial court ordered Antelope to proceed to arbitration without first determining the existence of an agreement to arbitrate between the parties. The trial court's order declined to require Antelope to proceed to arbitration "for a determination by the arbitrator of

2

arbitrability in the first instance and appropriate subsequent proceedings." Instead, the trial court ordered Antelope to proceed in an arbitration proceeding "for a determination by the arbitrator of arbitrability of the disputes and appropriate subsequent proceedings." We conclude the trial court's order incorporates the trial court's determination that the arbitration agreement binds Antelope. *See In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 189 (Tex. 2009) ("[W]hether an arbitration agreement binds a nonsignatory is a gateway matter to be determined by the court, rather than the arbitrator, unless the parties clearly and unmistakably provide otherwise.").

Second, Antelope argues that its claims against Newfield are based on the letter agreements, not the JEDA. Antelope admits it is a third-party beneficiary of the JEDA. The trial court could reasonably conclude that Antelope seeks to derive a direct benefit from the JEDA. *See Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305-06 (Tex. 2006). Antelope has not shown that it is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 5, 2013
Opinion Delivered September 5, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.

3